UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN - BAY CITY

In Re:

Robert L. Fisher
222 Skyline Drive
Roscommon, MI 48653
SSN: xxx-xx-2778

Case No. 12-22355-dob
Chapter 7 Proceeding
Hon. Daniel S. Opperman

Debtor.

_____/

## TRUSTEE'S MOTION FOR AUTHORITY TO COMPROMISE CONTROVERSY WITH ULLICO CASUALTY COMPANY AND CHARLES TAUNT, CHAPTER 7 TRUSTEE FOR THE ESTATE OF FISHER ROOFING COMPANY

Daniel C. Himmelspach, Chapter 7 Trustee for the bankruptcy estate of Robert L. Fisher, by and through his counsel, Smith, Martin, Powers & Knier, P.C., by Henry L. Knier, Jr., states as follows in support of his Motion for Authority to Compromise Controversy with Ullico Casualty Company and Charles Taunt, Chapter 7 Trustee for the Estate of Fisher Roofing Company ("Motion") pursuant to Federal Rule of Bankruptcy Procedure 9019.

### Jurisdiction

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background and Procedural History

2. On August 7, 2012 (the "Petition Date"), Robert L. Fisher ("Debtor") filed a voluntary petition for bankruptcy relief under Chapter 7 of the Bankruptcy Code (the "Code").

3. Daniel C. Himmelspach is the appointed Chapter 7 Trustee ("Trustee Himmelspach").

4. Ullico Casualty Company obtained a judgment against Fisher Roofing Company pre-petition and executed upon such judgment against assets of the Debtor within 90 days prior to the Petition Date. The execution included the seizure and sale of eight (8) vehicles. Some of the vehicles appear to have been jointly titled to Fisher Roofing Company and the Debtor.

5. On October 8, 2012, an involuntary petition for bankruptcy relief under Chapter 7 of the Code was initiated against Fisher Roofing Company, and Charles Taunt was appointed as its Chapter 7 Trustee ("Trustee Taunt").

6. The total liquidation of these vehicles, after costs, was $8,877.00, which is currently being held in the client trust account of Ullico's counsel.

7. In order to avoid the uncertainty of litigation and to maximize recovery for the estate, Trustee Himmelspach has agreed to resolve the dispute with Ullico and Trustee Taunt regarding claims to the liquidation proceeds by payment by Ullico (1) to Trustee Himmelspach in the amount of $2,200.00 upon entry of an order approving this settlement and (2) to Trustee Taunt in the amount of $2,200.00, subject to court approval in the Fisher Roofing Company Chapter 7 bankruptcy case.

8. After a thorough review of the facts, Trustee Himmelspach believes that the above-mentioned settlement is in the best interest of the estate, its creditors, and the Debtor to compromise the bankruptcy estate's claim and accept the Settlement in lieu of proceeding with litigation of unknown result.

9. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." A Court considering a proposed compromise or settlement should apprise itself of all facts necessary for an intelligent and objective opinion as to the reasonableness of the compromise or settlement, however; "the court need not conduct a mini-trial on the merits . . . of [the] settlement." *In re Dow Corning Corp.*, 198 B.R. 214, 222 (Bankr.E.D.Mich.1996) quoting *In re Drexel Burnham Lambert*, 134 B.R. 493, 496 (Bankr.S.D.N.Y.1991). Instead, the Court is obligated to "canvass the issues" to determine whether the settlement is below the lowest point of reasonableness. *Dow Corning*, at 222.

10. In evaluating a proposed settlement, the Court should be guided by the precept that the law favors compromise. *Dow Corning*, at 221.

11. The Court must also consider whether the proposed settlement is in the best interest of the bankruptcy estate. *Id*, at 221. To determine whether a settlement is in the best interest of the estate, a Court must consider and balance, among other things: (i) the probability of success in litigation; (ii)

2

the difficulty in collecting a judgment ultimately obtained in the litigation; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the interests of creditors, giving proper deference to reasonable views of the creditors. *Protective Committee of Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

12. Trustee Himmelspach recommends that the proposed settlement be approved. In view of the issues raised, Trustee Himmelspach has concluded that the proposed settlement reaches the best possible outcome for the bankruptcy estate and its creditors.

13. Based upon the foregoing, the compromise meets the requirements for approval of a settlement pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure. Accordingly, the compromise should be approved.

WHEREFORE, Daniel C. Himmelspach, Chapter 7 Trustee for the bankruptcy estate of Robert L. Fisher, respectfully requests that this Court approve the settlement as described herein and for all other relief the Court deems proper and enter the proposed order attached as **Exhibit "A"**.

Respectfully submitted,

Smith, Martin, Powers & Knier, P.C.

Dated: 2-28, 2013

Henry L. Knier, Jr. (P46393)
Attorneys for Chapter 7 Trustee
900 Washington Avenue
P. O. Box 219
Bay City, MI 48707-0219
989-892-3924
hknier@smpklaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN - BAY CITY

In Re:

Robert L. Fisher  
222 Skyline Drive  
Roscommon, MI 48653  
SSN: xxx-xx-2778

Case No. 12-22355-dob  
Chapter 7 Proceeding  
Hon. Daniel S. Opperman

    Debtor.
_____/

## ORDER GRANTING TRUSTEE'S MOTION FOR AUTHORITY TO COMPROMISE CONTROVERSY WITH ULLICO CASUALTY COMPANY AND CHARLES TAUNT, CHAPTER 7 TRUSTEE FOR THE ESTATE OF FISHER ROOFING COMPANY

This matter having come before the Court upon the Trustee's Motion for Authority to Compromise Controversy with Ullico Casualty Company and Charles Taunt, Chapter 7 Trustee for the Estate of Fisher Roofing Company (the "Motion"), proper notice having been given, no objections having been raised or, in the alternative, any objections being hereby expressly overruled, and the Court being fully advised of the circumstances and finding cause to grant the relief requested,

IT IS HEREBY ORDERED as follows:

1. The Motion is hereby GRANTED;

2. The terms of the Trustee's settlement with Ullico Casualty Company are adopted as an order of the Court, as follows:

   a. Within seven days after the entry of this Order, Ullico will pay to the Trustee the amount of $2,200.00.

   b. Said payment shall be made to "The Bankruptcy Estate of Robert L. Fisher," and delivered to counsel for Daniel C. Himmelspach.

EXHIBIT "A"